**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Angel Rivera, | ) | No. CV 11-2072-PHX-RCB (MEA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Federal Bureau of Investigation, et al., | ) | |
| Defendants. | ) | |

Plaintiff Angel Rivera, who is confined in the New Jersey State Prison in Trenton, New Jersey, filed a *pro se* Complaint under the Freedom of Information Act. In an October 28, 2011 Order, the Court directed Plaintiff to pay the filing fee or file an Application to Proceed *In Forma Pauperis*. On December 2, 2011, Plaintiff filed an incomplete Application to Proceed. The Court gave Plaintiff 30 days to pay the fee or file a completed Application to Proceed *In Forma Pauperis*. Plaintiff failed to file a completed Application within the 30-day deadline and, on February 27, 2012, the Clerk of Court entered a Judgment of Dismissal for failure to comply with a Court order.

On March 30, 2012, Plaintiff filed a Motion for Reconsideration (Doc. 8) and a completed Application to Proceed *In Forma Pauperis*. In his Motion for Reconsideration, Plaintiff states that he was unable to obtain a copy of his inmate trust account statement

within the required time and asks that the Court reconsider dismissal of this action. The Court will grant Plaintiff's Motion to Reconsider in that Court will consider whether this case should be reopened.

In his Complaint, Plaintiff sues the Federal Bureau of Investigation ("FBI"), the Office of Information Policy, and the Untied States Department of Justice under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522. Plaintiff requested that the FBI provide him with all information referencing his name, all information referencing his criminal case in this Court, and all information regarding any Interstate Compact Agreements which reference Plaintiff's name. The FBI denied Plaintiff's requests. Plaintiff appealed to the Director of the Office of Information Policy, who denied his appeal.

The Freedom of Information Act, part of the Administrative Procedure Act, requires that agencies make certain information available to the public upon request. See 5 U.S.C. §552 *et seq*. The United States district courts have jurisdiction to order an "agency" to produce "agency records improperly withheld" as follows:

> (B) On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. . .

5 U.S.C. §552(a)(4)(B)(1977).

Plaintiff resides in New Jersey, not Arizona, and is seeking records from federal agencies located in the District of Columbia. Although Plaintiff seeks, in part, records that reference his criminal conviction in this state, Plaintiff has not demonstrated that any FBI records of a related investigation would be kept in Arizona. Further, Plaintiff's initial request and appeal were addressed to the agencies at their District of Columbia addresses, and the responses Plaintiff received were issued from the District of Columbia offices. Accordingly, this Court does not have jurisdiction over Plaintiff's FOIA claim.

Because this Court's lacks jurisdiction over Plaintiff's claims, the Court will not reopen this action.

1 **IT IS ORDERED**:

2     (1) Plaintiff's March 30, 2012 Motion for Reconsideration (Doc. 8) is **granted** to the extent that the Court has reviewed Plaintiff's claims. Because the Court lacks jurisdiction over Plaintiff's claims, the Court declines to reopen this action.

    (2) Plaintiff's March 30, 2012 Application to Proceed *In Forma Pauperis* (Doc. 9) is **denied** as moot.

    (3) This case must remain closed.

DATED this 11th day of May, 2012.

_____
Robert C. Broomfield
Senior United States District Judge